FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 15, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HD SUPPLY FACILITIES MAINTENANCE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BRANDON SHOWERS and MARK ARLAND, <br><br> Defendants. | No. 2:24-CV-00179-MKD <br><br> ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER <br><br> **ECF No. 51** |

Before the Court is the parties' Stipulated Amended Protective Order, ECF No. 51. The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order protecting certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS HEREBY ORDERED:**

1. The parties' Stipulated Amended Protective Order, **ECF No. 51**, is **GRANTED**.

ORDER - 1

# PROTECTIVE ORDER

## I.   INTRODUCTION

In order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties hereby stipulate to the following Stipulated Amended Protective Order (hereinafter "Stipulated Amended Protective Order"):

## II.   PROTECTED INFORMATION

A.   <u>Purpose and Limitations.</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. In the course of finding a mutually agreeable resolution in this action, Plaintiff HD Supply Facilities Maintenance, Ltd. and Defendants Brandon Showers and Mark Arland (collectively the "Parties") intend to exchange protected information that may cause harm to the Plaintiff, including non-public and proprietary business information, if disclosed.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Amended Protective Order.  The Parties acknowledge that this agreement is consistent with Local Rules for the United States District Court for the Eastern District of Washington.

This Stipulated Amended Protective Order, however, does not confer blanket protection on all disclosures or responses to discovery, the protection it

affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

B.    "CONFIDENTIAL" Material.

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (a) Non-public financial, accounting, employment, banking, medical, commercial (including but not limited to contracts, agreements, and other non-public corporate documents), proprietary data or applications, or other proprietary or trade secret information of the parties or their employers; (b) Non-public financial, accounting, commercial, proprietary data or applications, or other private or confidential information of any current or former customer, holding company, parent company, owner, subsidiary, employer, or business partner of the parties; (c) Information over which the designating party is obligated to maintain confidentiality by law, contract, or otherwise; and (d) Material and information the parties agree is confidential in nature, or as otherwise ordered by the Court.

C.    Scope of Agreement.

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from

ORDER - 3

confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

Any document encompassing the above information shall similarly be deemed confidential information subject to this Stipulated Amended Protective Order.  Additional information may be later identified which shall also be considered confidential and such information shall be given similar protections pursuant to a later filed Stipulated Protective Order as specifically designated by and agreed to by the Parties during the course of this matter.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

### III.     DESIGNATION OF PROTECTED INFORMATION

A. <u>Application to Parties and Non-Parties</u>:  The Parties agree, at this time, that the disclosure of protected information shall be limited to the Plaintiff, Defendants, Brandon Showers and Mark Arland, and Non-Parties Jay Onchi, Sales Manager for Waxie/BradyPLUS, and Barbara Salinas, counsel for BradyPLUS (Defendants and Non-Parties hereafter "Receiving Parties").  Before each Receiving Party is given access to the designated information as permitted hereunder, each must first sign the acknowledgment to be bound to these terms that

is attached hereto as <u>Exhibit A</u> and provide a copy of the signed acknowledgment to Plaintiff.  Defendants may during the course of this matter identify additional individuals to become Receiving Parties and will promptly notify Plaintiff's counsel of such individuals and, following written approval of Plaintiff's counsel for this individual, submit the required acknowledgment prior to providing access to any information protected by this agreement.  Approval of an individual identified by Defendants will not be unreasonably withheld or delayed during the course of this matter.

      B.    <u>Manner of Designation:</u>  Information may be designated hereunder at any time and in any reasonable manner or method that notifies of the designation level and identifies with specificity the information to which the designation applies.  The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material or electronic image.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      C.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  The Designating Parties that designate information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for

ORDER - 5

protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

D. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving part(ies) must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## IV. CHALLENGES TO DESIGNATED INFORMATION

A. <u>Timing of Challenges</u>. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a video or telephone conference.

C. <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for

ORDER - 7

an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## V.    LIMITED ACCESS/USE OF PROTECTED INFORMATION

A.    <u>Restricted Use:</u>  Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for this litigation and settlement negotiations, and for no other purpose. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. Any use or disclosure of Confidential information that is determined by the Court to violate the terms of this Order may subject the disclosing person or party to sanctions, or other appropriate relief as determined by the Court.

B.    <u>Access to "Confidential" Information:</u>  The Parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be physically possessed by Counsel of record for Plaintiff and Defendants. Furthermore, the Parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may be viewed by the Non-Parties,

ORDER - 8

so long as each has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u> and provided a copy to Plaintiff prior to viewing the information.

  C. <u>Non-Waiver Effect of Designations:</u>  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

  Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

**VI. DURATION/CONTINUED RESTRICTIONS**

  A. <u>Handling of Designated Information Upon Conclusion of This Litigation:</u>  Within 60 days after the termination of the litigation, including all appeals, the Receiving Party(ies) must certify to the producing party that all designated information hereunder has been destroyed.  Notwithstanding this provision, Counsel of record for the parties as of the date of filing of this Stipulated Amended Protective Order may retain copies of any part of the Confidential

material produced by others that has become part of counsel's official file of this litigation as well as abstracts or summaries of materials that reference Confidential material that contain counsel's mental impressions or opinions for the period of any restriction agreed upon by the parties through settlement. Such archival copies shall remain subject to the terms of this Stipulated Amended Protective Order.

B. <u>Continued Restrictions Under this Order</u>: The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**VII. PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

ORDER - 10

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**VIII.  REQUESTS TO SEAL PROTECTED INFORMATION**

This protective order does not authorize a party to file or maintain a document under seal.

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  The party designating material as confidential shall have the burden of moving to seal and complying with the Federal Rules of Civil Procedure and any applicable Local Rule for the United States District Court for the Eastern District of Washington.

**IX.    PRIVILEGE/WORK PRODUCT**

Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege,

attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies of this order to counsel.

**DATED** November 15, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| HD SUPPLY FACILITIES MAINTENANCE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BRANDON SHOWERS and MARK ARLAND, <br><br> Defendants. | Case No. 2:24-cv-00179-MKD <br><br> **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read the entirety and understand the Stipulated Amended Protective Order that was issued by the United States District Court for the Eastern District of Washington on _____ [date] in the case of *HD Supply Facilities Maintenance, Ltd. v. Brandon Showers, et al.*, Case No. 2:24-cv-00179-MKD. I agree to comply with and to be bound by all the terms of this Stipulated Amended Protective Order, and I understand any use or disclosure of Confidential information that is determined by the Court to violate the terms of this Order may subject the disclosing person or party to sanctions, or other appropriate

ORDER - 13

1  relief as determined by the Court.  I solemnly promise that I will not disclose in

2  any manner any information or item that is subject to this Stipulated Amended

3  Protective Order to any person or entity except in strict compliance with the

4  provisions of the Stipulated Amended Protective Order.

5      I further agree to submit to the jurisdiction of the United States District

6  Court for the Eastern District of Washington for the purpose of enforcing the terms

7  of this Stipulated Amended Protective Order, even if such enforcement

8  proceedings occur after termination of this action.

9  Date: _____          _____
                                                                  (Signature)

                                                                  _____
                                                                  (Print Name)

                                                                  _____
                                                                  (Company and Title)